EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br><br>Francisco J. Cepero Rivera<br>María Teresa Estévez Bermúdez<br>Mariela Pérez Torres<br>Ana Teresa Miranda Sierra<br>José A. Marrero López | 2015 TSPR 119<br><br><br>193 DPR ____ |

Número del Caso:    TS-6235
                    TS-9976
                    TS-11899
                    TS-10713
                    TS-8359


Fecha: 24 de junio de 2015


Materia: (Ver abajo)

**TS-6235 – Francisco J. Cepero Rivera**
Conducta Profesional – La suspensión será efectiva el 2 de julio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-9976 – María Teresa Estévez Bermúdez**
Conducta Profesional –La suspensión de la abogada será efectiva el 30 de junio de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

**TS-11899– Mariela Pérez Torres**
Conducta Profesional – La suspensión será efectiva el 7 de agosto de 2015, fecha en que se le notificó a la abogada de su suspensión inmediata.

**TS-10713– Ana Teresa Miranda Sierra**
Conducta Profesional –La suspensión de la abogada será efectiva el 30 de junio de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

**TS-8359– José A. Marrero López**
Conducta Profesional – La suspensión será efectiva el 6 de julio de 2015, fecha del acuse de recibo de la notificación al abogado de su suspensión inmediata por correo certificado.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re* | | |
|---|---|---|
| Francisco J. Cepero Rivera | TS-6235 | |
| María Teresa Estévez Bermúdez | TS-9976 | |
| Mariela Pérez Torres | TS-11899 | |
| Ana Teresa Miranda Sierra | TS-10713 | |
| José A. Marrero López | TS-8359 | |

*PER CURIAM*

San Juan, Puerto Rico, a 24 de junio de 2015

Una vez más, nos corresponde ordenar la suspensión inmediata e indefinida de varios miembros de la profesión legal por su reiterado incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC).

**I**

**A. TS-6235**

El Lcdo. Francisco J. Cepero Rivera fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y al ejercicio de la notaría el 26 de julio de 1983. El 23 de enero de 2015, la Directora del PEJC, la Lcda. Geisa M. Marrero Martínez (Directora) presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, detalló los esfuerzos realizados por el PEJC para asegurar el cumplimiento del licenciado Cepero Rivera con los requisitos que dispone el Reglamento de Educación Jurídica Continua para los

periodos del 1 de mayo de 2007 al 30 de abril de 2009, del 1 de mayo de 2009 al 30 de abril de 2011 y del 1 de mayo de 2011 al 30 de abril de 2013. Explicó que, para estos periodos de incumplimiento, el PEJC había cursado las notificaciones y citaciones correspondientes al licenciado Cepero Rivera, otorgándole a éste varias ocasiones para cumplir tardíamente con los requisitos.[1]

Según se desprende del *Informe sobre incumplimiento*, el licenciado Cepero Rivera envió una comunicación al PEJC el 27 de septiembre de 2013. En ésta, alegó que no había cumplido con los requerimientos del PEJC por razón de un proceso de destitución de su empleo en la Autoridad de Carreteras, al cual presuntamente había estado sujeto por más de diez años. Indicó que ese proceso había incidido en su habilidad para generar ingresos y desempeñarse en la práctica legal. En atención a ello, solicitó al PEJC copia del Reglamento, así como una exoneración del cumplimiento hasta tanto culminara su proceso de destitución.

El PEJC, por su parte, envió una comunicación al licenciado Cepero Rivera en la que le explicó que su proceso de destitución no era óbice para cumplir con los requisitos reglamentarios y lo orientó con relación a cómo cambiar su status a abogado inactivo en el Registro Único de Abogados (RUA). Luego de concederle al licenciado

---

[1] Además, se le apercibió de su deber de pagar una cuota de $50.00 en concepto de cumplimiento tardía, conforme a la Regla 30 del Reglamento de Educación Jurídica Continua, 164 D.P.R. 555 (2005). El licenciado Cepero Rivera no pagó esta cuota, aduciendo a razones económicas por razón de su destitución como empleado público.

Cepero Rivera múltiples prórrogas para cumplir con los requisitos del PEJC correspondientes al periodo de 2007-2009, y advertirle sobre cómo su incumplimiento redundaría en un referido a la Junta de Educación Jurídica Continua (Junta), el asunto quedó sometido ante ésta.

Sometido el *Informe sobre incumplimiento* ante nuestra consideración, el 31 de marzo de 2015, emitimos una resolución mediante la cual le concedimos al licenciado Cepero Rivera un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión por razón de su reiterado incumplimiento con los requisitos del PEJC. El 5 de mayo de 2015, el licenciado Cepero Rivera compareció mediante una *Solicitud de orden protectora*. En ésta, reiteró sus planteamientos con relación a como su destitución y la precaria situación económica en la que se encontraba como consecuencia de ésta, le impedían costear los créditos requeridos y pagar la cuota de cumplimiento tardío. Solicitó que se le permitiera continuar practicando la profesión únicamente para litigar su caso de destitución pendiente.

**B. TS-9976**

La Lcda. María Teresa Estévez Bermúdez fue admitida al ejercicio de la abogacía el 13 de enero de 1992 y al ejercicio de la notaría el 14 de abril de 1993.[2] El 23 de

---

[2] La licenciada Estévez Bermúdez cesó la práctica de la notaría el 9 de diciembre de 1998.

enero de 2015, la Directora del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* para los periodos de 1 de mayo de 2007 al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011. Además, en éste se indicó que la licenciada Estévez Bermúdez había incumplido con los requisitos reglamentarios para el periodo de 1 de mayo de 2011 al 30 de abril de 2013, a pesar de que no había sido citada para la vista informal correspondiente.

En el *Informe sobre incumplimiento* presentado ante este Tribunal, la Directora detalla las gestiones realizadas por el PEJC para garantizar el cumplimiento de la licenciada Estévez Bermúdez con los requisitos reglamentarios pertinentes. Así, se indica que el 5 de junio de 2009 y el 23 de junio de 2011, el PEJC envió los avisos de incumplimiento correspondientes a los periodos de 2007-2009 y 2009-2011 y le otorgó a la licenciada un tiempo razonable para cumplir con las horas crédito adeudadas. Asimismo, se nos informa que la licenciada Estévez Bermúdez fue citada a vistas informales para los dos periodos de incumplimiento, a las que no compareció. También, el *Informe de incumplimiento* detalla cómo la licenciada Estévez Bermúdez fue apercibida de que su incumplimiento e incomparecencia conllevaría que su caso fuera referido ante la Junta. Transcurridos los términos para cumplimiento que le fueron otorgados y realizadas las

advertencias de rigor, la Directora recomendó a la Junta rendir el *Informe sobre incumplimiento* que nos ocupa.

El 31 de marzo de 2015, este Tribunal emitió una resolución mediante la cual le concedimos a la licenciada Estévez Bermúdez un término de vente (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión por haber incumplido con los requerimientos del PEJC. La referida resolución fue devuelta con el siguiente mensaje: "Return to sender, insuficient address, unable to forward." Al día de hoy, la licenciada Estévez Bermúdez no ha comparecido.

### C. TS-11899

La Lcda. Mariela Pérez Torres fue admitida a la práctica de la abogacía el 16 de enero de 1997 y a la práctica de la notaría el 20 de agosto de 1999. El 21 de enero de 2015, la Directora del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* para los periodos del 1 de mayo de 2007 al 30 de abril de 2011 y del 1 de mayo de 2009 al 30 de abril de 2011. En el informe se indicó que la licenciada Pérez Torres había sido notificada debidamente mediante los avisos de incumplimiento correspondientes a ambos periodos y que se le habían otorgado términos adicionales para garantizar su cumplimiento. Transcurridos los referidos términos, la licenciada fue citada para una vista informal con relación al periodo de 2007-2009. En esta vista, la licenciada

TS-6235; TS-9976; TS-11899; TS-10713; TS-8359          6

Pérez Torres suscribió una prórroga mediante la cual se comprometió a subsanar las deficiencias señaladas por el PEJC en un término de veinte (20) días. Transcurrido dicho término, el PEJC le concedió un término final e improrrogable de treinta (30) días. Así las cosas, el 24 de enero de 2014, el PEJC le envió a la licenciada una misiva con un recuento de las múltiples oportunidades que le habían sido otorgadas para cumplir con los requisitos reglamentarios y se le advirtió sobre una citación a vista informal para el periodo de 2009-2011. Posteriormente, la licenciada Pérez Torres fue citada a la vista informal correspondiente a ese último periodo, a la cual compareció y, nuevamente, suscribió una prórroga para garantizar el cumplimiento.

Ante el incumplimiento de la licenciada Pérez Torres con ambas prórrogas y demás términos que le fueron concedidos, la Directora presentó el asunto ante la JEC y procedió a rendir el informe que nos ocupa. El 31 de marzo de 2015, emitimos una resolución mediante la cual le concedimos a la licenciada Pérez Torres un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida de la profesión por su reiterado incumplimiento. La resolución, sin embargo, fue devuelta por el servicio de correo con el siguiente mensaje: "Return to sender, attempted not known, unable to forward." Al día de hoy, la licenciada Pérez Torres no ha comparecido.

## D. TS-10713

La Lcda. Ana Teresa Miranda Sierra fue admitida al ejercicio de la abogacía el 4 de enero de 1994 y a la práctica de la notaría el 24 de junio de 1996.[3] El 23 de enero de 2015, la Directora presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* para los periodos del 1 de mayo de 2007 al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011. En este informe, se detallaron los esfuerzos realizados por el PEJC para asegurar el cumplimiento de la licenciada Miranda Sierra con los requisitos reglamentarios correspondientes. Específicamente, se indicó que el PEJC le había cursado a la licenciada los avisos de incumplimiento relacionados a ambos periodos, otorgándole un tiempo razonable para que cumpliera con los requerimientos. Además, se detalló que la licenciada Miranda Sierra había sido citada para vistas informales con relación a ambos periodos, a las cuales no compareció. También, se informó que, transcurridos los términos que le fueron concedidos, y realizadas las advertencias de rigor, el asunto fue sometido ante la Junta.

Presentado el *Informe sobre incumplimiento*, el 31 de marzo de 2015, emitimos una resolución mediante la cual ordenamos a la licenciada Miranda Sierra, en un término de veinte (20) días, comparecer y mostrar causa por la cual

---

[3] La licenciada Miranda Sierra cesó la práctica de la notaría el 11 de agosto de 1997.

no debía ser suspendida de la profesión como consecuencia de su reiterado incumplimiento con los requerimientos del PEJC. La referida resolución fue devuelta por el servicio de correo con el siguiente mensaje: "Return to sender, not deliverable as addressed, unable to forward." Al día de hoy, la licenciada Miranda Sierra no ha comparecido.

### E. TS-8359

El Lcdo. José Marrero López fue admitido al ejercicio de la abogacía el 16 de agosto de 1986. El 23 de enero de 2015, la Directora del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* para los periodos del 1 de mayo de 2007 al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011. En el referido informe, se indicó que el 5 de junio de 2009 y el 23 de junio de 2011, el PEJC envió los avisos de incumplimiento correspondientes a ambos periodos. Asimismo, el licenciado Marrero López fue citado para una vista informal para el periodo de 2007-2009, a la cual no compareció. El 31 de enero de 2014, el licenciado fue citado a una vista informal para el periodo de incumplimiento de 2009-2011 a la cual tampoco compareció. Transcurridos los múltiples términos otorgados por la PEJC para asegurar el cumplimiento, y habiendo apercibido al licenciado de las consecuencias de su incomparecencia e incumplimiento, la Directora procedió a referir a la Junta el asunto.

Atendido el asunto por la Junta y presentado el *Informe sobre incumplimiento* ante este Tribunal, el 31 de marzo de 2015, emitimos una resolución mediante la cual ordenamos al licenciado Marrero López comparecer y mostrar causa, en un término de veinte (20) días, por la cual no debía ser suspendido de la profesión como consecuencia de su reiterado incumplimiento con los requerimientos del PEJC. Al día de hoy, el licenciado Marrero López no ha comparecido.

## II

En repetidas ocasiones nos hemos expresado en torno a cómo los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, 164 D.P.R. 555 (2005), responden al deber ineludible de todo abogado y abogada del País de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. XVII-E. La desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.

Para garantizar el cumplimiento de la clase togada con ese deber ético-profesional, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, *supra*, el cual,

salvo contadas excepciones, exige a todos los miembros activos admitidos a la profesión legal la aprobación de 24 horas crédito en cursos de educación jurídica. Además, el Reglamento contiene los procedimientos para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento.

Por otro lado, en múltiples instancias le hemos recordado a los miembros de la profesión legal su deber de contestar con diligencia los requerimientos exigidos por parte de este Tribunal, advirtiendo que la dejadez en este ámbito es incompatible con la práctica de la profesión. *Véanse In re Guzmán Rodríguez*, 187 D.P.R. 826 (2013); *In re Trinidad Torres*, 183 D.P.R. 371 (2011); *In re Colón Rivera*, 170 D.P.R. 440 (2007). A esos efectos, hemos afirmado que no contestar los requerimientos de este Tribunal infringe el Canon 9 de los Cánones de Ética Profesional, puesto que constituye una afrenta a nuestro poder inherente de regular el ejercicio de la profesión legal. *Véanse In re Guzmán Rodríguez*, *supra*; *In re Rosado Cruz*, 176 D.P.R. 1012 (2009).

Asimismo, y en aras de garantizar que los miembros de la profesión legal atiendan con la premura requerida las comunicaciones de este Foro, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, impone la obligación a todo abogado y abogada de mantener sus datos actualizados en el RUA. Hemos sido enfáticos en recordarle a los miembros de la profesión legal que incumplir con

esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re Arroyo Rosado*, 2014 T.S.P.R. 89. El incumplimiento con esta obligación, además, constituye fundamento suficiente para decretar la separación inmediata del ejercicio de la abogacía. *Id.*

A pesar de estos recordatorios y de las múltiples suspensiones de miembros de la profesión legal por incumplir con los requisitos dispuestos en el Reglamento de Educación Jurídica Continua, *supra*, estamos obligados, nuevamente, a ejercer nuestra jurisdicción disciplinaria para sancionar a los abogados y abogadas de epígrafe por su incumplimiento.

## III

### A. TS-6235

El licenciado Cepero Rivera incumplió con los requisitos reglamentarios del PEJC para los periodos de 2007-2009 y 2009-2011. Si bien éste compareció ante el PEJC y ante este Tribunal, su destitución como empleado público y las precariedades económicas por las que atraviesa no lo eximen de ceñirse a disposiciones reglamentarias que aspiran al mejoramiento profesional de aquellos que ejercen la abogacía en nuestra jurisdicción.

### B. TS-9976

La licenciada Estévez Bermúdez incumplió con los requisitos reglamentarios del PEJC para los periodos de 2007-2009 y 2009-2011. Asimismo, ésta no compareció ante

el PEJC luego de los múltiples requerimientos que le fueron cursados. La licenciada Estévez Bermúdez, además, incurrió en conducta altamente reprensible al ignorar la orden de comparecencia de este Tribunal y al no actualizar sus datos en el RUA. Esta conducta obstaculiza el ejercicio de nuestro poder inherente para reglamentar la profesión legal y constituye una falta ética adicional.

## C. TS-11899

La licenciada Pérez Torres incumplió con los requisitos reglamentarios del PEJC para los periodos de 2007-2009 y 2009-2011. Asimismo, ésta no cumplió con los términos que le fueron concedidos una vez suscribió una prórroga para ambos periodos. La licenciada Pérez Torres, además, incurrió en conducta altamente reprensible al ignorar la orden de comparecencia de este Tribunal y al no actualizar sus datos en el RUA. Como explicamos, esta conducta obstaculiza el ejercicio de nuestro poder inherente para reglamentar la profesión legal y constituye una falta ética adicional.

## D. TS-10713

La licenciada Miranda Sierra incumplió con los requisitos reglamentarios del PEJC para los periodos de 2007-2009 y 2009-2011. Asimismo, ésta no compareció ante el PEJC luego de los múltiples requerimientos que le fueron cursados. La licenciada Miranda Sierra, además, incurrió en conducta altamente reprensible al ignorar la

orden de comparecencia de este Tribunal y al no actualizar sus datos en el RUA. Como explicamos, esta conducta obstaculiza el ejercicio de nuestro poder inherente para reglamentar la profesión legal y constituye una falta ética adicional.

**E. TS-8359**

El licenciado Marrero López incumplió con los requisitos reglamentarios del PEJC para los periodos de 2007-2009 y 2009-2011. Asimismo, éste no compareció ante el PEJC luego de los múltiples requerimientos que le fueron cursados. El licenciado Marrero López, además, ignoró la orden de comparecencia emitida por este Tribunal.

**IV**

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Cepero Rivera y de la licenciada Pérez Torres. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía de la licenciada Estévez Bermúdez, la licenciada Miranda Sierra y del licenciado Marrero López. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e

informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado Cepero Rivera y de la licenciada Pérez Torres para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | | |
|-------|--|--|
| Francisco J. Cepero Rivera | TS-6235 | |
| María Teresa Estévez Bermúdez | TS-9976 | |
| Mariela Pérez Torres | TS-11899 | |
| Ana Teresa Miranda Sierra | TS-10713 | |
| José A. Marrero López | TS-8359 | |

SENTENCIA

San Juan, Puerto Rico, a 24 de junio de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Cepero Rivera y de la licenciada Pérez Torres. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía de la licenciada Estévez Bermúdez, la licenciada Miranda Sierra y del licenciado Marrero López. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado Cepero Rivera y de la licenciada Pérez Torres para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo