EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Juan C. Ramírez Ramos | 2016 TSPR 89<br><br>195 DPR ____ |

Número del Caso: TS-16,874

Fecha: 9 de mayo de 2016

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila de Jesús
Director

Materia: Conducta Profesional – La suspensión será efectiva el 10 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan C. Ramírez Ramos                    TS-16,874

PER CURIAM

San Juan, Puerto Rico, a 9 de mayo de 2016.

Nuevamente, nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

I

Luego de la concesión de varios términos y de agotar esfuerzos mediante comunicaciones escritas y telefónicas, la ODIN no tuvo otro remedio que presentar ante este Tribunal un *Informe Especial,*

en torno a varias omisiones e incumplimientos por parte del Lcdo. Juan C. Ramírez Ramos (licenciado Ramírez Ramos).[1] Del *Informe Especial* se desprende que el licenciado Ramírez Ramos incurrió en múltiples omisiones de sus obligaciones como notario y ha incumplido con varios requerimientos realizados por la ODIN.

En específico, el licenciado Ramírez Ramos ha incumplido con su obligación de remitir a la ODIN, dentro de los términos dispuestos en el ordenamiento notarial, treinta y nueve Informes de Actividad Notarial Mensual y los Informes Estadísticos de Actividad Notarial Anual para los años 2011 al 2013. Tampoco surge evidencia ante la ODIN de que el licenciado Ramírez Ramos tenga vigente la fianza notarial requerida por ley.

Ante ese cuadro, el 21 de noviembre de 2014 la ODIN le cursó una carta por motivo de sus incumplimientos. A pesar de que se orientó al abogado sobre el derecho aplicable y las consecuencias disciplinarias de su incumplimiento, se le advirtió sobre la gravedad de la conducta, y se le concedió un término de diez días para rendir todos los documentos adeudados, el abogado no contestó los requerimientos de la ODIN. En consecuencia, el 15 de enero de 2015, la ODIN le dirigió una segunda comunicación al notario, en la cual le indicó que le

---

[1] El Lcdo. Juan C. Ramírez Ramos fue admitido al ejercicio de la profesión de la abogacía el 20 de febrero de 2008 y prestó juramento como notario el 29 de octubre de ese año.

concedía un término final e improrrogable hasta el 30 de enero de 2015. Sin embargo, no compareció.

Según consta en el *Informe Especial*, la ODIN intentó localizar al licenciado Ramírez Ramos por la vía telefónica y mediante correo electrónico. El licenciado Ramírez Ramos contestó la comunicación cursada por correo electrónico y adujo que no practica la notaría y que entendía que a pesar de que tenía problemas de salud, los índices estaban siendo presentados como de costumbre. Ante esas alegaciones, mediante carta de 16 de marzo de 2015, la ODIN le concedió hasta el 25 de marzo de 2015 para cumplir con los documentos requeridos. Nuevamente, el licenciado Ramírez Ramos incumplió.

Habida cuenta de que el licenciado Ramírez Ramos incumplió con los requisitos de la ODIN, el 7 de agosto de 2015, este Tribunal emitió Resolución y le ordenó que se expresase en torno al *Informe Especial*. A pesar de ello, el licenciado Ramírez Ramos incumplió con nuestra orden y no compareció. Por tanto, el 8 de septiembre de 2015 la ODIN presentó una *Moción Notificando Incumplimiento de Orden*. Evaluada la moción, el 26 de febrero de 2016 emitimos una orden al licenciado Ramírez Ramos para que mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía. Dicha orden le fue notificada personalmente al abogado el 4 de marzo. Lamentablemente, el licenciado Ramírez Ramos también incumplió con lo ordenado en esa Resolución.

## II

Sabido es que nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*, pág. 6; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re* López González *et al.*, *supra*, págs. 6-7; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

Del mismo modo, hemos establecido que el deber de responder no se circunscribe a los requerimientos emitidos por este Foro, toda vez que se extiende a las exigencias que le imponga cualquier otro foro al que el abogado se encuentre obligado a comparecer. *In re* Piñeiro Vega, 188 DPR 77 (2013); *In re* García Baliñas, 167 DPR 125 (2006). A tales efectos, este Tribunal consecuentemente ha requerido igual obediencia a las órdenes de ODIN. *In re* Piñeiro Vega, *supra*; *In re* Montes Díaz, 184 DPR 90, 94 (2011).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el abogado de epígrafe.

III

En el informe presentado ante este Tribunal, el Director de la ODIN ha expuesto de forma detallada las gestiones realizadas para requerirle al abogado de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. No obstante, éste ha desatendido en repetidas ocasiones sus requerimientos. En consecuencia, éste nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

Este Tribunal, por su parte, le concedió al abogado amplia oportunidad para que compareciera ante nos y acreditara su cumplimiento con los requisitos de la ODIN y con los requerimientos de este Tribunal, lo cual no hizo. Éste incumplió con los requerimientos de la ODIN y no compareció ante nos, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que el abogado de epígrafe ha incumplido con los requisitos de la ODIN y de este Tribunal y ha asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de este abogado nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional y la diligencia de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

## IV

Al amparo de los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Juan C. Ramírez Ramos del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de este Tribunal y subsane la totalidad de las deficiencias notariales señaladas por ODIN. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha rectificado todas las fallas notariales descritas mediante *Certificación* emitida por ODIN. Se le apercibe al señor Ramírez Ramos que la presente acción disciplinaria no lo exime de tener que subsanar las deficiencias señaladas por

ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ramírez Ramos y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Ramírez Ramos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Juan C. Ramírez Ramos por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Juan C. Ramírez Ramos                    TS-16,874


SENTENCIA


San Juan, Puerto Rico, a 9 de mayo de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del Lcdo. Juan C. Ramírez Ramos del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de este Tribunal y subsane la totalidad de las deficiencias notariales señaladas por ODIN. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha rectificado todas las fallas notariales descritas mediante *Certificación* emitida por ODIN. Se le apercibe al señor Ramírez Ramos que la presente acción disciplinaria no lo exime de tener que subsanar las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ramírez Ramos y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Ramírez Ramos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Juan C. Ramírez Ramos por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        Juan Ernesto Dávila Rivera
                                        Secretario del Tribunal Supremo