EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 133 |
| Diana M. Pérez Padín | 195 DPR ____ |
| | |

Número del Caso: TS-17,768


Fecha: 18 de mayo de 2016


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director



Materia: La suspensión será efectiva el 23 de junio de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Diana M. Pérez Padín                    TS-17,768

PER CURIAM

San Juan, Puerto Rico, a 18 de mayo de 2016.

En el ejercicio de nuestro poder disciplinario, nos corresponde ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN), desacatar las órdenes de este Tribunal y no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA).

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a la abogada de epígrafe.

I

La Lcda. Diana M. Pérez Padín (licenciada Pérez Padín) fue admitida al ejercicio de la abogacía el 9 de febrero de 2010 y juramentó como notario el 14 de enero de 2011.

El 8 de mayo de 2015, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), compareció ante nos, mediante el *Informe Especial sobre Incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en Solicitud de Remedios* (Informe). En éste, indicó que la licenciada Pérez Padín ha incurrido en múltiples omisiones de sus obligaciones como notario y ha incumplido con varios requerimientos realizados por la ODIN.

En específico, la licenciada Pérez Padín ha incumplido con su obligación de remitir a la ODIN, dentro de los términos dispuestos en el ordenamiento notarial, sus índices de actividad notarial, correspondientes a los meses de diciembre de 2013 y enero a octubre de 2014.

Además, la ODIN señaló que la licenciada Pérez Padín no había presentado el Informe Estadístico de Actividad Notarial Anual para el año natural de 2013. Por otro lado, la ODIN informa que del expediente que custodian en sus oficinas no surge que la fianza notarial de la licenciada Pérez Padín esté vigente.

A pesar de que se le advirtió de la gravedad de la conducta y se le concedieron múltiples oportunidades para

rendir todos los documentos adeudados, la abogada no contestó los requerimientos de la ODIN.

Como situación agravante, cabe señalar que la información que consta en el RÚA y en la ODIN no se encuentra actualizada. La misiva con fecha de 10 de diciembre de 2014, en la que se le concedió un término para cumplir con los requerimientos de la ODIN, fue devuelta el 15 de enero de 2015 por el Servicio de Correo Federal. De igual forma, resultó infructuosa la comunicación vía telefónica a través de los números que obran en el RÚA.

Habida cuenta de que la licenciada Pérez Padín incumplió con los requisitos de la ODIN, el 29 de mayo de 2015, este Tribunal emitió Resolución y le ordenó que se expresara en torno al Informe. Además, se le apercibió que su incumplimiento conllevaría sanciones disciplinarias severas que podrían incluir la suspensión del ejercicio de la abogacía.

A pesar de ello, la licenciada Pérez Padín incumplió con nuestra orden y no compareció. El 28 de julio de 2015, el Director de la ODIN presentó *Moción Notificando Incumplimiento de Orden*, en la que nos reitera el incumplimiento, por parte de la abogada de epígrafe.

En consecuencia, el 18 de marzo de 2016 este Tribunal emitió una Resolución en la que le ordenó a la letrada mostrar causa por la cual no deba ser suspendida de la abogacía por incumplir con las órdenes de la ODIN, no mantener actualizado el RÚA y no cumplir con lo ordenado

en nuestra Resolución de 29 de mayo de 2015. En esta ocasión, la licenciada Pérez Padín fue notificada personalmente. Nuevamente incumplió con nuestras órdenes.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

Consecuentemente, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*, pág. 6; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re* López González *et*

*al.*, *supra*, págs. 6-7; <u>In re Rivera Trani</u>, *supra*, pág. 461; <u>In re Guzmán Rodríguez</u>, *supra*, pág. 829.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RÚA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse: <u>In re Cepero Rivera *et* *al.*</u>, *supra*, pág. 10; <u>In re López González *et al.*</u>, *supra*, pág. 7; <u>In re Rivera Trani</u>, *supra*, pág. 460. Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

### III

Mediante el informe presentado ante este Tribunal, el Director de la ODIN ha expuesto de forma detallada las gestiones realizadas para requerirle a la abogada de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. Lamentablemente, ésta ha desatendido en repetidas ocasiones sus requerimientos. En vista de ello, éste nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria. De igual forma, la letrada ha observado un reiterado incumplimiento con nuestras órdenes.

De lo anterior, resulta claro que la abogada de epígrafe ha incumplido con los requisitos de la ODIN y de este Tribunal y ha asumido una actitud despreocupada en cuanto a este asunto. De igual forma, ésta ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Por tanto, con su dejadez y desidia, esta abogada ha faltado a su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional y la diligencia de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Diana M. Pérez Padín. Como consecuencia, se le impone a la abogada el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal

el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial de la señora Pérez Padín, y la examinará para rendir el correspondiente informe a este Tribunal. En consecuencia, se le ordena a la señora Pérez Padín presentar los Índices Mensuales de Actividad Notarial y el Informe Estadístico Anual de Actividad Notarial adeudados. Además, se le ordena presentar evidencia acreditativa del pago de su Fianza Notarial hasta el presente y subsanar cualquier otra deficiencia de su obra notarial.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Diana M. Pérez Padín                    TS-17,768

SENTENCIA

San Juan, Puerto Rico, a 18 de mayo de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Diana M. Pérez Padín. Como consecuencia, se le impone a la abogada el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial de la señora Pérez Padín, y la examinará para rendir el correspondiente informe a este Tribunal. En

consecuencia, se le ordena a la señora Pérez Padín presentar los Índices Mensuales de Actividad Notarial y el Informe Estadístico Anual de Actividad Notarial adeudados. Además, se le ordena presentar evidencia acreditativa del pago de su Fianza Notarial hasta el presente y subsanar cualquier otra deficiencia de su obra notarial.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Diana M. Pérez Padín por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo