EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| | 2018 TSPR 76 |
| | 200 DPR ____ |
| Alberto Rivera Claudio | |

Número del Caso: TS-13,226

Fecha: 4 de mayo de 2018

Abogado del promovido:

Por derecho propio.

Programa de Educación Jurídica Continua

Lcdo. José Ignacio Campos Pérez
Director

Materia: Conducta Profesional – La suspensión será efectiva el 9 de mayo de 2018, fecha en que se le notificó al abogado por correo de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lcdo. Alberto Rivera Claudio | TS-13,266 |

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de mayo de 2018.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida del Lcdo. Alberto Rivera Claudio (licenciado Rivera Claudio) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.

I

El Director Ejecutivo del PEJC, Lcdo. José Ignacio Campos Pérez, comparece ante nos mediante sendo Informe en el que nos pone al tanto sobre el incumplimiento del licenciado Rivera Claudio con los requisitos del PEJC y sobre la reiterada desatención del letrado con sus requerimientos.

El licenciado Rivera Claudio fue admitido al ejercicio de la abogacía el 6 de marzo de 2000. El 15 de febrero de 2017, el Director del PEJC compareció ante nos e indicó que el licenciado Rivera Claudio incumplió con los requisitos

del PEJC durante el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009. El Director indicó que, en un principio, le envió al letrado el Aviso de Incumplimiento para el periodo antes mencionado. En dicho Aviso de Incumplimiento se le concedió término al licenciado Rivera Claudio para tomar los cursos correspondientes, conforme a la Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005) (según enmendado). Sin embargo, el licenciado Rivera Claudio no tomó los cursos de educación jurídica necesarios.

Así las cosas, el PEJC le remitió una citación para una Vista Informal a celebrarse el 13 de junio de 2012. Cabe señalar que el licenciado Rivera Claudio no compareció a la Vista Informal. Posteriormente, el 30 de julio de 2014, se notificó al licenciado Rivera Claudio el Informe del Oficial Examinador y la determinación de la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, respecto a la Vista celebrada. Se le advirtió que, de no subsanar la insuficiencia de créditos y realizar el pago de la multa por cumplimiento tardío correspondientes a dicho periodo dentro de un término de treinta (30) días, el asunto objeto de la Vista Informal sería presentado ante la Junta para que esta determinara si sería referido a este Tribunal. No obstante, del expediente no surge que el letrado hubiera respondido a esta comunicación.

A tenor con el apercibimiento hecho al licenciado Rivera Claudio, el PEJC nos remitió el Informe. Mediante el mismo, nos señala que el Historial de Cursos Acreditados del licenciado Rivera Claudio refleja que aún tiene incumplido el período de 2007-2009 y que no efectuó el pago de la multa por cumplimiento tardío correspondiente a este período. Asimismo, nos indica que el licenciado Rivera Claudio tampoco cumplió con los requisitos del PEJC correspondientes a los períodos del 1 de diciembre de 2009 al 30 de noviembre de 2011 y del 1 de diciembre de 2011 al 30 de noviembre de 2013. Para estos últimos períodos se le notificó al licenciado Rivera Claudio un Aviso de Incumplimiento. El letrado tampoco ha pagado la multa por cumplimiento tardío correspondiente a estos períodos. Cabe mencionar que el licenciado Rivera Claudio no ha sido citado a una Vista Informal para estos períodos.[1]

El 28 de marzo de 2017, emitimos una Resolución en la que le concedimos un término de veinte (20) días al licenciado Rivera Claudio para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. El licenciado Rivera Claudio no compareció. Así las cosas, el 30 de mayo de 2017 emitimos otra Resolución en la que le concedimos un término final de

---

[1] A su vez, el PEJC informa que no se reflejan créditos acumulados para el periodo de 1 de diciembre de 2013 al 30 de noviembre de 2016. Ahora bien, aún no se le ha notificado el Aviso de Incumplimiento para este periodo.

diez (10) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. Al día de hoy, el licenciado Rivera Claudio no ha comparecido.

## II

El Canon 2 del Código de Ética Profesional requiere con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, [que] el abogado manten[ga] un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX. Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, supra. In re López González et al., 2015 TSPR 107.

Reiteradamente hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. In re Cepero Rivera et al., 2015 TSPR 119. Por lo tanto este Tribunal disciplina a los abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua. In re Rivera Trani, 188 DPR 454 (2013).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a los abogados la

obligación de mantener actualizados en el RUA sus datos personales, incluyendo su dirección física, postal y electrónica. Por ello, es deber de los abogados y notarios avisar oportunamente a este Tribunal cualquier cambio en su dirección. El incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es suficiente para decretar su separación indefinida de la profesión. In re López González, *et al.*, supra.

Por último, reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio a nuestra autoridad e infringe el Canon 9. In re López González, *et al.*, supra; In re De Jesús Román, 192 DPR 799 (2015). A su vez, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re López González et al., supra.

### III

El PEJC, a través de su Director Ejecutivo, ha detallado en el Informe los esfuerzos realizados para requerirle al licenciado Rivera Claudio el cumplimiento con los requisitos del PEJC. Todos estos esfuerzos han sido infructuosos por lo que ha tenido que solicitar nuestra intervención. El licenciado Rivera Claudio no ha acreditado su cumplimiento

con los requisitos del PEJC. Tampoco cumplió con las órdenes de mostrar causa que emitió este Tribunal.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Alberto Rivera Claudio. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alberto Rivera Claudio                    TS-13,266


SENTENCIA

En San Juan, Puerto Rico, a 4 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Alberto Rivera Claudio. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo