EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Carmen T. García Salgado | 2019 TSPR 51<br><br>201 DPR ____ |

Número del Caso:  TS-12,774


Fecha: 15 de marzo de 2019


 Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez



Materia:  Conducta Profesional – La suspensión será efectiva el 15 de marzo de 2019. Fecha en que se le notificó al abogado por correo certificado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br><br>Lcda. Carmen T. García Salgado | | TS-12,774 |

*PER CURIAM*

En San Juan, Puerto Rico, a 15 de marzo de 2019.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida de la Lcda. Carmen T. García Salgado (licenciada García Salgado) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.

## I

El entonces Director Ejecutivo del PEJC, Lcdo. José Ignacio Campos Pérez, comparece ante nos mediante sendo Informe en el que nos pone al tanto sobre el incumplimiento de la licenciada García Salgado con los requisitos del PEJC y sobre la reiterada desatención de la letrada con sus requerimientos.

La licenciada García Salgado fue admitida al ejercicio de la abogacía el 14 de abril de 1999. El 23 de junio de 2017, el Director del PEJC compareció ante nos e indicó que la licenciada García Salgado incumplió con los requisitos del PEJC durante el periodo del 1 de abril de 2009 al 31 de marzo de 2011, así como con el pago de una multa por cumplimiento tardío para el periodo señalado. El Director indicó que, en un principio, le envió a la letrada el Aviso de Incumplimiento para el periodo antes mencionado. En dicho Aviso de Incumplimiento se le concedió término a la licenciada García Salgado para tomar los cursos correspondientes y para satisfacer la multa por cumplimiento tardío, conforme a la Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005) (según enmendado). Sin embargo, la licenciada García Salgado ni tomó los cursos de educación jurídica necesarios ni satisfizo la multa por cumplimiento tardío.

Así las cosas, el PEJC le remitió una citación para una Vista Informal a la dirección postal de notificaciones que constaba en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA); sin embargo, esta ni compareció a la Vista Informal ni se comunicó con el PEJC. Posteriormente, se notificó por correo electrónico a la licenciada García Salgado el Informe del Oficial Examinador y la determinación

de la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, respecto a la Vista celebrada. Se le advirtió que, de no cumplir con lo ordenado, el asunto de la Vista Informal sería presentado ante la Junta para que esta determinara si sería referida a este Tribunal. No obstante, del expediente no surge que la letrada hubiera respondido a esta comunicación.

A tenor con el apercibimiento hecho a la licenciada García Salgado, el PEJC nos remitió el Informe. Mediante el mismo, nos señala que el Historial de Cursos Acreditados de la licenciada García Salgado refleja que aún tiene incumplido el período del 1 de abril de 2009 al 31 de marzo de 2011 y que adeuda doscientos dólares ($200.00) en multas por cumplimiento tardío. Asimismo, nos indica que la licenciada García Salgado tampoco cumplió con los requisitos del PEJC correspondientes a los períodos del 1 de abril de 2011 al 31 de marzo de 2013; del 1 de abril del 2013 al 31 de marzo de 2015; del 1 de abril de 2015 al 31 de marzo de 2018. Para estos últimos períodos se le notificó a la licenciada García Salgado un Aviso de Incumplimiento. La letrada tampoco ha pagado la multa por cumplimiento tardío de estos períodos. Cabe mencionar que la licenciada García Salgado no ha sido citada a una Vista Informal para estos períodos.

El 4 de diciembre de 2017 emitimos una Resolución en la que le concedimos un término de veinte (20) días a la licenciada García Salgado para que compareciera ante nos y

mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. Del expediente no surge que la licenciada García Salgado haya comparecido. El 28 de marzo de 2018 emitimos una Resolución en la que le concedimos un término final de diez (10) días a la licenciada García Salgado para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del PEJC. La licenciada García Salgado tampoco compareció. Así las cosas, el 26 de octubre de 2018 emitimos otra Resolución concediéndole un término de diez (10) días para que compareciera y mostrara causa por la cual no debía ser suspendida de la abogacía por incumplir con el PEJC y por no actualizar su dirección en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). Nuevamente, incumplió nuestra orden.

II

El Canon 2 del Código de Ética Profesional requiere con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, [que] el abogado manten[ga] un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX. Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el

*Reglamento de Educación Jurídica Continua*, supra. *In re López González et al.*, 2015 TSPR 107.

Reiteradamente hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cepero Rivera et al.*, 2015 TSPR 119. Por lo tanto, este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re Rivera Trani*, 188 D.P.R. 454 (2013).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a los abogados la obligación de mantener actualizados en el RUA sus datos personales, incluyendo su dirección física, postal y electrónica. Por ello, es deber de los abogados y notarios avisar oportunamente a este Tribunal cualquier cambio en su dirección. El incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es suficiente para decretar su separación indefinida de la profesión. *In re López González*, *et al.*, supra.

Por último, reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio

a nuestra autoridad e infringe el Canon 9. *In re López González, et al.*, supra; *In re De Jesús Román,* 192 D.P.R. 799 (2015)*.* A su vez, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.*, supra.

                                    III

El PEJC, a través de su Director Ejecutivo, ha detallado en el Informe los esfuerzos realizados para requerirle a la licenciada García Salgado el cumplimiento con los requisitos del PEJC. Todos estos esfuerzos han sido infructuosos por lo que ha tenido que solicitar nuestra intervención. La licenciada García Salgado no ha comparecido ante nos ni ha acreditado su cumplimiento con los requisitos del PEJC.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Carmen T. García Salgado. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta

(30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmen T. García Salgado
|
TS-12,774

SENTENCIA

En San Juan, Puerto Rico, a 15 de marzo de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Carmen T. García Salgado. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo