EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2015 TSPR 170 |
|---|---|
| Gerardo A. Suárez Robles | 194 DPR ____ |

Número del Caso: TS-10,812

Fecha: 2 de diciembre de 2015

Programa de Educación Jurídica Continua:

Lcda. Geisa M. Marrero Martínez
Directora

Materia: La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gerardo A. Suárez Robles                TS-10,812

PER CURIAM

En San Juan, Puerto Rico, a 2 de diciembre de 2015.

Nuevamente nos vemos en la obligación de sancionar a un abogado por no cumplir con los requerimientos de este Tribunal y por fallar en mantener su información personal actualizada en el Registro Único de Abogados y Abogadas (RUA) según dicta la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XX1-B. Los hechos que nos motivan a ello son simples y se describen a continuación.

I

El 5 de enero de 1994 admitimos a la práctica de la abogacía al Lcdo. Gerardo A. Suárez Robles. El pasado 13 de mayo de 2015, la Directora

del Programa de Educación Jurídica Continua (PEJC) nos informó que este había incumplido con los requisitos de ese programa. Además, reseñó que los intentos para comunicarse con el letrado resultaron infructuosos por este no tener su información de contacto actualizada en el Registro Único de Abogados (RUA).

Ante esa situación, el 11 de junio de 2015 emitimos una Resolución ordenándole al licenciado Suárez Robles a que en el término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la profesión por no cumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando notificó copia de esa Resolución mediante correo certificado a la dirección postal provista por el abogado en el RUA. La misiva no fue devuelta por el servicio de correo postal. Sin embargo, se notificó a la misma dirección a la cual el PEJC cursó sendas notificaciones que resultaron devueltas. Expuesto el marco de hechos que precede, pasemos a discutir los fundamentos por los cuales decretamos la suspensión de este abogado.

II

En este caso los intentos del PEJC de notificarle al licenciado Suárez Robles el incumplimiento de este con respecto a los requerimientos de ese programa resultaron fallidos ya que la dirección postal que consta en el RUA y en su expediente personal no está actualizada. En relación a esto, la Regla 9 (j) del Reglamento del Tribunal Supremo

de 2011, <u>supra</u>, establece que **todo abogado tiene la obligación de mantener actualizados los datos e información que constan en el Registro Único de Abogados y Abogadas de Puerto Rico.** Es importante que todo abogado y abogada tenga presente que debe notificar a la Secretaria o Secretario del Tribunal Supremo cualquier cambio en los números de teléfono de oficina y personales, el número de fax, dirección postal personal y de oficina, dirección física de oficina y de residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. <u>Íd</u>.

Las exigencias mencionadas cobran vigencia debido a la naturaleza de la profesión de la abogacía y la confianza pública depositada en quienes la ejercen. Además, el cumplimiento por parte de los abogados y abogadas con la Regla 9(j) le permite a esta Curia ejercer eficazmente la responsabilidad de velar que los abogados ejecuten de manera ética sus compromisos profesionales. <u>In re Sanabria Ortiz</u>, 156 D.P.R. 345, 348-349 (2002). Es evidente que la omisión de mantener informado a este Tribunal respecto a los datos mencionados obstaculiza sustancialmente la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria. Íd. Véase también, <u>In re Soto Colón</u>, 155 D.P.R. 623 (2001).[1] Es por ello que no hemos vacilado en

---

[1] Así por ejemplo, hemos afirmado que es intolerable que un abogado abandone nuestra jurisdicción sin informar su futura dirección,

afirmar que incumplir con el deber de notificar la información de contacto es causa suficiente para decretar la separación indefinida del ejercicio de la profesión. In re Sanabria Ortiz, supra, pág. 349.

Hemos expresado que todo abogado tiene la obligación de observar rigurosamente los requerimientos de este Tribunal. Véanse, In re Cepero Rivera y otros, 2015 TSPR 119, 193 DPR ___ (2015); In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011). Este deber es aún más patente durante los procesos disciplinarios. In re Montes Díaz, 184 DPR 90, 93-94 (2011). Por ello, el incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Íd. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede suspenderlo inmediatamente del ejercicio de la profesión. In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).

III

En este caso queda claro que el licenciado Suárez Robles no ha cumplido con el deber que le impone la Regla 9(j) del Reglamento del Tribunal Supremo, supra. Los

___

burlando así los procedimientos disciplinarios pendientes en su contra. In re Figueroa Abreu, 130 D.P.R. 504, 505 (1992).

intentos de notificarle las comunicaciones cursadas por la Directora del Programa de Educación Jurídica Continua han sido infructuosos. Ciertamente, el hecho de que este no haya actualizado su información de contacto ha provocado dilaciones innecesarias en este procedimiento, situación que esta Curia no tolerará. Máxime, cuando en innumerables ocasiones hemos expresado la importancia que conlleva mantener estos datos actualizados debido a la naturaleza pública de la función de la abogacía. Además, el licenciado Suárez Robles ha incumplido con los requisitos de educación jurídica continua. Recuérdese que la educación continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, incumplir con estos requerimientos le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia. Véanse, In re Cepero Rivera y otros, 2015 TSPR 119, 193 DPR ___ (2015); In re Piñeiro Vega, 188 D.P.R. 77(2013).

**IV**

Por los fundamentos que anteceden, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Gerardo A. Suárez Robles. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar

oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gerardo A. Suárez Robles

TS-10,812

SENTENCIA

En San Juan, Puerto Rico, a 2 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Gerardo A. Suárez Robles. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo