EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Carlos W. Pérez Menéndez | 2015 TSPR 174<br><br>194 DPR ____ |

Número del Caso: TS-12,855


Fecha: 2 de diciembre de 2015


Programa de Educación Jurídica Continua:

      Lcda. Geisa M. Marrero Martínez
      Directora


Materia: La suspensión será efectiva el 29 de diciembre de 2015 fecha en que se le notificó al abogado por correo regular de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos W. Pérez Menéndez                    TS-12,855


PER CURIAM

En San Juan, Puerto Rico, a 2 de diciembre de 2015.

Nuevamente nos vemos en la obligación de sancionar a un abogado por no cumplir con los requerimientos de este Tribunal y por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC). Los hechos que nos motivan a ello son simples y se describen a continuación.

I

El 13 de julio de 1999 admitimos a la práctica de la abogacía al Lcdo. Carlos W. Pérez Menéndez. Según consta en el expediente, en el 2011 le fue cursado un aviso de incumplimiento con respecto a los requerimientos del PEJC para el periodo

comprendido desde el 1 de junio de 2009 hasta el 31 de mayo de 2011. Luego de que se celebrara una vista informal ante un Oficial Examinador, en agosto de 2014 la Directora del Programa le concedió al licenciado Pérez Menéndez un término de 30 días para que cumpliera con los requisitos pertinentes y pagara la cuota correspondiente al cumplimiento tardío. De lo contrario, el asunto sería referido a este Tribunal Supremo.

Debido a su incumplimiento, el 13 de mayo de 2015 compareció ante nosotros la Directora del PEJC y nos presentó un informe notificándonos que el mencionado letrado había incumplido los requisitos de dicho programa desde el 2009. Atendido el mismo, emitimos una Resolución el 21 de julio de 2015 concediéndole un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido de la práctica de la abogacía por no cumplir con los requisitos del PEJC. Dicha Resolución se le notificó el 3 de agosto de 2015. Transcurrido dicho término, este no ha comparecido a cumplir con nuestra orden.

Expuesto el marco de hechos que precede, pasemos a discutir los fundamentos por los cuales decretamos la suspensión de este abogado.

II

Hemos expresado que todo abogado tiene la obligación de observar rigurosamente los requerimientos de este Tribunal. Véanse, In re Cepero Rivera y otros, 2015 TSPR

119, 193 DPR ___ (2015); In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011). Este deber es aún más patente durante los procesos disciplinarios. In re Montes Díaz, 184 DPR 90, 93-94 (2011). Por ello, el incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Íd. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede suspenderlo inmediatamente del ejercicio de la profesión. In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009). En cuanto a esto hemos afirmado que:

> [e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9 [de Ética Profesional]. In re Asencio Márquez, 183 DPR 659, 664 (2011).

Por otro lado, la educación continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, incumplir con estos requerimientos le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia. Véase, In re Piñeiro Vega, 188 D.P.R. 77 (2013). Esto además incide en el deber que tiene todo abogado y abogada de mantener un alto grado de excelencia y competencia, según establecido en el Canon 2 de Ética Profesional, 4 LPRA Ap. IX. Véase, In re Cepero Rivera y otros, supra. Este Canon dispone que con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".

III

El expediente de este caso demuestra que el licenciado Pérez Menéndez incumplió con los requisitos del PEJC desde el 2009. Ello de por sí es causa suficiente para que este Tribunal ejerza su facultad disciplinaria sobre este letrado. No obstante, esta no es la única falta que este ha cometido. Mediante Resolución emitida en julio de 2015 le

ordenamos comparecer dentro de 20 días a mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión debido a lo informado por la Directora del PEJC. Esta Resolución se le notificó el 3 de agosto y transcurridos más de tres meses este no ha comparecido. De esa manera el licenciado Pérez Menéndez no solo ha faltado a su deber de mantener al día sus obligaciones respecto a la educación jurídica continua, sino que también desatendió los requerimientos de esta Curia.

IV

Por los fundamentos que anteceden, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Carlos W. Pérez Menéndez. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. El Alguacil de este Tribunal deberá incautar la obra protocolar de este, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos W. Pérez Menéndez

TS-12,855

SENTENCIA

En San Juan, Puerto Rico, a 2 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Carlos W. Pérez Menéndez. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia. El Alguacil de este Tribunal deberá incautar la obra protocolar de este, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo