EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Máximo R. Ruidiaz Rodríguez<br>Pedro R. Fagot Bigas<br>Demetrio Torre Rada<br>Carlos M. Torres Rodríguez<br>Rafael Camps Morales<br>José A. Soto Peña<br>Segismundo López Montalvo | 2017 TSPR 44<br><br>197 DPR ____ |

Número del Caso: TS-3,103
TS-4,026
TS-4,233
TS-5,410
TS-5,833
TS-12,878
TS-12,898

Fecha: 27 de febrero de 2017

Programa de Educación Jurídica Continua

Hon. Geisa Marrero Martínez
Directora Ejecutiva

Hon. José Ignacio Campos Pérez
Director Ejecutivo

Abogados de las partes peticionarias

Por Derecho Propio

Materia: Conducta Profesional –

**TS-3,103**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-4,026**
La suspensión será efectiva el **1 de marzo de 2017,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-4,233**
La suspensión será efectiva el **1 de marzo de 2017,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-5,410**
La suspensión será efectiva el **6 de marzo de 2017,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-5,833**

La suspensión será efectiva el **1 de marzo de 2017**, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-12,878**
La suspensión será efectiva el **8 de marzo de 2017**, fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-12,898**
La suspensión será efectiva el **7 de marzo de 2017**, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re* | | |
| Máximo R. Ruidiaz Rodríguez | TS-3,103 | |
| Pedro R. Fagot Bigas | TS-4,026 | |
| Demetrio Torre Rada | TS-4,233 | |
| Carlos M. Torres Rodríguez | TS-5,410 | |
| Rafael Camps Morales | TS-5,833 | |
| José A. Soto Peña | TS-12,878 | |
| Segismundo López Montalvo | TS-12,898 | |

*PER CURIAM*

San Juan, Puerto Rico, a 27 de febrero de 2017

En esta ocasión, nos corresponde separar de la profesión de la abogacía y la notaría a varios profesionales del Derecho que demostraron una actitud de dejadez ante las órdenes de este Tribunal, dar fiel cumplimiento a los requisitos de educación jurídica continua y mantener su información de notificación debidamente actualizada.

**I**

*Lcdo. Máximo R. Ruidiaz Rodríguez (TS-3,103)*

El Lcdo. Máximo R. Ruidiaz Rodríguez fue admitido al ejercicio de la abogacía el 21 de mayo de 1968 y al de la notaría el 12 de junio de 1968. El 10 de enero de 2012, el Programa de Educación Jurídica Continua (PEJC) le envió un *Aviso de incumplimiento* con relación al periodo de

cumplimiento del 1 de octubre de 2009 al 30 de septiembre de 2011. Mediante éste, se le concedió un término de sesenta (60) días para subsanar la deficiencia de créditos ahí desglosada y se le impuso el pago de la multa por cumplimiento tardío contemplada en la Regla 30 del *Reglamento del Programa de Educación Jurídica Continua*, 164 DPR 555, 588 (2005).

Posteriormente, el 27 de mayo de 2014, el PEJC le envió al licenciado Ruidiaz Rodríguez una citación a vista informal a celebrarse el 25 de junio de 2014. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2009-2011. No obstante, éste no compareció.

El 27 de abril de 2015, la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, le notificó al licenciado Ruidiaz Rodríguez la determinación respecto al proceso de vista informal. A esos efectos, se le concedió a éste un término adicional de treinta (30) días para subsanar la deficiencia de créditos para el periodo de cumplimiento 2009-2011.[1] Asimismo, se le apercibió que su incumplimiento conllevaría un referido ante la Junta de Educación Jurídica Continua (Junta), la cual determinaría si el asunto sería presentado ante este Tribunal. A pesar de ello, el licenciado Ruidiaz Rodríguez desaprovechó esta oportunidad.

---

[1] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Ruidiaz Rodríguez incumplió, además, el periodo de cumplimiento subsiguiente, a saber, del 1 de octubre de 2011 al 30 de septiembre de 2013. Para este periodo, el PEJC le notificó el correspondiente *Aviso de incumplimiento*.

En consecuencia, el entonces Director del PEJC, Lcdo. José I. Campos Pérez, le recomendó a la Junta rendir un informe ante este Foro referente al incumplimiento del licenciado Ruidiaz Rodríguez. El 25 de mayo de 2016, la Junta acogió la recomendación. Por tanto, el 16 de julio de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua* (*Informe sobre incumplimiento*) en el que realizó un recuento del tracto procesal antes reseñado.

Examinado el referido *Informe sobre incumplimiento*, el 20 de septiembre de 2016, este Tribunal emitió una *Resolución* mediante la cual se le concedió un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[2] Al día de hoy, éste no ha comparecido.

*Lcdo. Pedro R. Fagot Bigas (TS-4,026)*

---

[2] Surge del expediente del licenciado Ruidiaz Rodríguez que la notificación de la *Resolución* fue devuelta por el servicio postal. Por tanto, los alguaciles del Tribunal acudieron al hogar de residencia de éste con tal de realizar la notificación personalmente. Empero, al personarse al lugar, la Sra. Paola Meléndez -vecina de éste- les informó que hacía tres (3) años el licenciado Ruidiaz Rodríguez fue trasladado a Estados Unidos por motivos de salud. Por otro lado, surge del expediente que éste, años atrás, hizo entrega de su obra notarial a la Oficina de Inspección de Notarías (ODIN). No obstante, según se hizo constar, el licenciado Ruidiaz Rodríguez aún ostenta estatus de notario activo en el RÚA.

El Lcdo. Pedro R. Fagot Bigas fue admitido al ejercicio de la abogacía el 25 de mayo de 1972 y al de la notaría el 26 de mayo de 1977.[3] El 21 de junio de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, informó que el licenciado Fagot Bigas incumplió con los requisitos reglamentarios de educación jurídica continua para el periodo del 1 de octubre de 2007 al 30 de septiembre de 2009.[4] Por consiguiente, el 18 de noviembre de 2009, el PEJC le envió un *Aviso de incumplimiento* en el que se le concedió un término de sesenta (60) días para subsanar el balance de créditos pendientes y realizar el pago de la multa por cumplimiento tardío, impuesta al amparo de la Regla 30 del *Reglamento del Programa*.

Luego, el 4 de enero de 2012, el PEJC le envió al licenciado Fagot Bigas una citación a vista informal a celebrarse el 2 de febrero de 2012. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2007-2009. A pesar de ello, éste no compareció.

En consecuencia, el 10 de marzo de 2015, la entonces Directora del PEJC le notificó al licenciado Fagot Bigas

---

[3] Mediante *Resolución*, emitida el 10 de julio de 1985, este Tribunal acogió una solicitud de cesación voluntaria al ejercicio de la notaría que presentó el licenciado Fagot Bigas.

[4] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Fagot Bigas incumplió, además, los periodos de cumplimiento subsiguientes, a saber, del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013. Para ambos periodos, el PEJC le notificó los correspondientes *Avisos de incumplimiento*.

la determinación respecto al proceso de vista informal. A
esos efectos, se le concedió a éste un término adicional
de treinta (30) días para subsanar la deficiencia de
créditos para el periodo de cumplimiento 2007-2009.
Asimismo, se le apercibió que su incumplimiento
conllevaría un referido ante la Junta, la cual
determinaría si el asunto sería presentado ante este
Tribunal. A pesar de ello, el licenciado Fagot Bigas
desaprovechó esta oportunidad. Por tanto, el Director del
PEJC le recomendó a la Junta rendir un informe referente
al incumplimiento del licenciado Fagot Bigas ante este
Foro. El 25 de mayo de 2016, la Junta acogió la
recomendación.

Examinado el *Informe sobre incumplimiento* presentado
por el Director del PEJC, el 21 de julio de 2016, este
Tribunal emitió una *Resolución* en la que se le concedió al
licenciado Fagot Bigas un término de veinte (20) días para
que compareciera y mostrara causa por la cual no debía ser
suspendido de la profesión de la abogacía por incumplir
con los requisitos de educación jurídica continua y por no
comparecer ante el PEJC cuando le fue requerido. A pesar
de su incomparecencia, el 11 de octubre de 2016, este Foro
emitió una segunda *Resolución* en la que se le concedió al
licenciado Fagot Bigas un término final de diez (10) días

para cumplir con nuestra orden.[5] Al día de hoy, éste no ha comparecido.

### Lcdo. Demetrio Torre Rada (TS-4,233)

El Lcdo. Demetrio Torre Rada fue admitido al ejercicio de la abogacía el 26 de junio de 1973 y al de la notaría el 18 de julio de 1973.[6] El 18 de noviembre de 2009, el PEJC le envió un *Aviso de incumplimiento* con relación al periodo de cumplimiento del 1 de octubre de 2007 al 30 de septiembre de 2009. Mediante éste, se le concedió un término de sesenta (60) días para subsanar la deficiencia de créditos ahí desglosada y se le impuso el pago de la multa por cumplimiento tardío que dispone la Regla 30 del *Reglamento del Programa*.[7]

Posteriormente, el 4 de enero de 2012, el PEJC le envió al licenciado Torre Rada una citación a vista informal a celebrarse el 27 de enero de 2012. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2007-2009. No obstante, éste no compareció.

El 23 de febrero de 2015, la entonces Directora del PEJC le notificó al licenciado Torre Rada la determinación

---

[5] Cabe señalar que hicimos constar en la referida *Resolución* que la notificación se debía realizar personalmente. No obstante, según se hizo constar en el expediente del licenciado Fagot Bigas, no existía una dirección residencial registrada en el Registro Único de Abogados y Abogadas (RÚA). Por tanto, en vez, la Secretaría de este Tribunal notificó la *Resolución* al correo electrónico que éste tenía registrado en el RÚA.
[6] El 17 de mayo de 1984, mediante *Resolución*, este Tribunal separó al licenciado Torre Rada del ejercicio de la notaría.
[7] Se desprende del *Informe sobre incumplimiento* que el licenciado Torre Rada, posteriormente, satisfizo el pago de la referida multa.

respecto al proceso de vista informal. A esos efectos, se le concedió a éste un término adicional de treinta (30) días para subsanar la deficiencia de créditos para el periodo de cumplimiento 2007-2009.[8] Asimismo, se le apercibió que su incumplimiento conllevaría un referido ante la Junta, la cual determinaría si el asunto sería presentado ante este Tribunal. A pesar de ello, el licenciado Torre Rada desaprovechó esta oportunidad.

En consecuencia, el Director del PEJC le recomendó a la Junta rendir un informe ante este Foro referente al incumplimiento del licenciado Torre Rada. El 25 de mayo de 2016, la Junta acogió la recomendación. Por tanto, el 16 de julio de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua* ante este Tribunal. Además de realizar un recuento del tracto procesal antes reseñado, puntualizó que obran en el expediente del licenciado Torre Rada varias comunicaciones que, tras ser notificadas por el PEJC a la dirección de notificación que obraba en el Registro Único de Abogados (RÚA), fueron devueltas por el servicio postal.

---

[8] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Torre Rada incumplió, además, los periodos de cumplimiento subsiguientes, a saber, del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013. Por otro lado, es preciso detallar que, para ambos periodos, el PEJC le notificó los correspondientes *Avisos de incumplimiento*. No obstante, al igual que otras comunicaciones, éstos fueron devueltos por el servicio postal.

Examinado el referido *Informe sobre incumplimiento*, el 25 de agosto de 2016, este Tribunal emitió una *Resolución* mediante la cual se le concedió un término de veinte (20) días al licenciado Torre Rada para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[9] Al día de hoy, éste no ha comparecido.

### Lcdo. Carlos M. Torres Rodríguez (TS-5,410)

El Lcdo. Carlos M. Torres Rodríguez fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976 y al de la notaría el 24 de febrero de 1977. El 18 de noviembre de 2009, el PEJC le envió un *Aviso de incumplimiento* con relación al periodo de cumplimiento del 1 de octubre de 2007 al 30 de septiembre de 2009. Mediante éste, se le concedió un término de sesenta (60) días para subsanar la deficiencia de créditos ahí desglosada y se le impuso el pago de la multa por cumplimiento tardío que dispone la Regla 30 del *Reglamento del Programa*.

Posteriormente, el 4 de enero de 2012, el PEJC le envió al licenciado Torres Rodríguez una citación a vista

---

[9] Hacemos constar que surge del expediente del licenciado Torre Rada que la referida *Resolución* fue enviada a la dirección de notificación registrada en el RÚA. No obstante, ésta fue devuelta por el servicio postal. Además, se hace constar que los alguaciles del Tribunal acudieron, en dos (2) ocasiones, a la residencia de éste con tal de notificar la *Resolución*. No obstante, no encontraron ahí al licenciado Torre Rada.

informal a celebrarse el 8 de febrero de 2012. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2007-2009. No obstante, éste no compareció.

El 2 de marzo de 2015, la entonces Directora del PEJC le notificó al licenciado Torres Rodríguez la determinación respecto al proceso de vista informal. A esos efectos, se le concedió a éste un término adicional de treinta (30) días para subsanar la deficiencia de créditos para el periodo de cumplimiento 2007-2009.[10] Asimismo, se le apercibió que su incumplimiento conllevaría un referido ante la Junta, la cual determinaría si el asunto sería presentado ante este Tribunal. A pesar de ello, el licenciado Torres Rodríguez desaprovechó esta oportunidad.

En consecuencia, el Director del PEJC le recomendó a la Junta rendir un informe ante este Foro referente al incumplimiento del licenciado Torres Rodríguez. El 25 de mayo de 2016, la Junta acogió la recomendación. Por tanto, el 28 de junio de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que realizó un recuento del tracto procesal antes reseñado.

---

[10] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Torres Rodríguez incumplió, además, los periodos de cumplimiento subsiguientes, a saber, del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013. Para ambos periodos, el PEJC le notificó a éste los correspondientes *Avisos de incumplimiento*.

Examinado el referido *Informe sobre incumplimiento*, el 25 de agosto de 2016, este Tribunal emitió una *Resolución* mediante la cual se le concedió un término de veinte (20) días al licenciado Torres Rodríguez para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[11] A pesar de su incomparecencia, el 9 de noviembre de 2016, este Foro emitió una segunda *Resolución* en la que se le concedió al licenciado Torres Rodríguez un término final de diez (10) días para cumplir con nuestra orden. Al día de hoy, éste no ha comparecido.

### Lcdo. Rafael Camps Morales (TS-5833)

El Lcdo. Rafael Camps Morales fue admitido al ejercicio de la abogacía el 14 de abril de 1978 y al de la notaría el 7 de junio de 1978.[12] El 21 de junio de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste,

---

[11] Tras la incomparecencia del licenciado Torres Rodríguez, el 26 de octubre de 2016, la Secretaría de este Tribunal envió la referida *Resolución* al correo electrónico que éste tenía registrado en el RÚA. No obstante, en respuesta, se recibió un mensaje en el que se informaba que la dirección de correo electrónico registrada era inválida.

[12] Surge del expediente del licenciado Camps Morales que, mediante *Resolución* emitida el 12 de febrero de 1987, aceptamos su cesación voluntaria al ejercicio de la notaría. Posteriormente, el 29 de mayo de 1987, emitimos una *Resolución* mediante la cual lo readmitimos a la práctica de la notaría. Finalmente, el 29 de mayo de 1990, este Tribunal -mediante *Resolución*- aceptó la solicitud de cesación voluntaria al ejercicio de la notaría que presentó el licenciado Camps Morales.

informó que el licenciado Camps Morales incumplió con los requisitos reglamentarios de educación jurídica continua para el periodo del 1 de octubre de 2007 al 30 de septiembre de 2009.[13] Por consiguiente, el 18 de noviembre de 2009, el PEJC le envió un *Aviso de incumplimiento* en el que le concedió un término de sesenta (60) días para subsanar el balance de créditos pendientes y realizar el pago de la multa por cumplimiento tardío, impuesta al amparo de la Regla 30 del *Reglamento del Programa*.

Luego, el 4 de enero de 2012, el PEJC le envió al licenciado Camps Morales una citación a vista informal a celebrarse el 1 de febrero de 2012. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2007-2009. A pesar de ello, éste no compareció.

En consecuencia, el 10 de marzo de 2015, la entonces Directora del PEJC le notificó al licenciado Camps Morales la determinación respecto al proceso de vista informal. A esos efectos, se le concedió a éste un término adicional de treinta (30) días para subsanar la deficiencia de créditos para el periodo de cumplimiento 2007-2009. Asimismo, se le apercibió que su incumplimiento conllevaría un referido ante la Junta, la cual

---

[13] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Camps Morales incumplió, además, los periodos de cumplimiento subsiguientes, a saber, del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013. Para ambos periodos, el PEJC le notificó los correspondientes *Avisos de incumplimiento*.

determinaría si el asunto sería presentado ante este Tribunal. A pesar de ello, el licenciado Camps Morales desaprovechó esta oportunidad. Por tanto, el Director del PEJC le recomendó a la Junta rendir un informe referente al incumplimiento del licenciado Camps Morales ante este Foro. El 25 de mayo de 2016, la Junta acogió la recomendación.

Examinado el *Informe sobre incumplimiento* presentado por el Director del PEJC, el 22 de julio de 2016, este Tribunal emitió una resolución en la que se le concedió al licenciado Camps Morales un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. A pesar de su incomparecencia, el 9 de noviembre de 2016, este Foro emitió una segunda *Resolución* en la que se le concedió al licenciado Camps Morales un término final de diez (10) días para cumplir con nuestra orden. Al día de hoy, éste no ha comparecido.

*Lcdo. José A. Soto Peña (TS-12,878)*

El Lcdo. José Soto Peña fue admitido al ejercicio de la abogacía el 13 de julio de 1999 y al de la notaría el 4 de enero de 2000. El 4 de mayo de 2009, el PEJC le envió un *Aviso de incumplimiento* con relación al periodo de cumplimiento del 1 de abril de 2007 al 31 de marzo de

2009. Mediante éste, se le concedió un término de sesenta (60) días para subsanar la deficiencia de créditos ahí desglosada y se le impuso el pago de la multa por cumplimiento tardío contemplada en la Regla 30 del *Reglamento del Programa*.

Posteriormente, el 21 de enero de 2011, el PEJC le envió al licenciado Soto Peña una citación a vista informal a celebrarse el 25 de febrero de 2011. Ello, pues, éste aún continuaba en incumplimiento con el periodo de cumplimiento 2007-2009. El licenciado Soto Peña compareció personalmente a la vista informal y expuso las razones para su incumplimiento. No obstante, el Oficial Examinador estimó que la información provista no justificaba el incumplimiento. A esos efectos, el 11 de enero de 2013, el PEJC le envió una comunicación adicional al licenciado Soto Peña en la que le informó la recomendación del Oficial Examinador y le concedió un término de treinta (30) días adicionales para informar su cumplimiento.[14]

El 24 de mayo de 2013, el licenciado Soto Peña envió una comunicación en la que solicitó una prórroga adicional para subsanar su incumplimiento. Consecuentemente, el PEJC le concedió un término de sesenta (60) días para

---

[14] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado Soto Peña incumplió, además, los periodos de cumplimiento subsiguientes, a saber, del 1 de abril de 2009 al 31 de marzo de 2011 y del 1 de abril de 2011 al 31 de marzo de 2013. Para estos periodos, el PEJC le notificó los correspondientes *Avisos de incumplimiento*.

satisfacer los requisitos del periodo de cumplimiento 2007-2009. A pesar de ello, el licenciado Soto Peña no subsanó su incumplimiento. Así, pues, el asunto fue referido a la Junta.

Luego, el 20 de noviembre de 2013, la Junta determinó que se presentaría un informe sobre el particular ante este Foro. Por tanto, el 12 de febrero de 2014, la entonces Directora del PEJC presentó el *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que realizó el recuento del tracto procesal antes reseñado.

Examinado el *Informe sobre* incumplimiento, el 28 de febrero de 2014, este Tribunal emitió una *Resolución* mediante la cual se le concedió al licenciado Soto Peña un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

En respuesta, el 26 de marzo de 2014, el licenciado Soto Peña presentó un escrito intitulado *Sobre incumplimiento con los requisitos de educación jurídica continua.* En esencia, reconoció su incumplimiento, mas aseguro que no fue una actuación intencional. Además, expuso que, tanto situaciones económicas como de salud incidieron en su habilidad para dar fiel cumplimiento a los requisitos de educación jurídica continua. Por ello,

solicitó un término final para cumplir. Consecuentemente, este Tribunal emitió una *Resolución*, el 2 de abril de 2014, en la que se le concedió un término de sesenta (60) días para cumplir con los requisitos adeudados. Ahora bien, el licenciado Soto Peña desaprovechó esta oportunidad.

No obstante, a pesar de su incumplimiento, el 6 de febrero de 2015, este Foro emitió una segunda *Resolución* en la que se le concedió al licenciado Soto Peña un término final e improrrogable de veinte (20) días para que mostrara causa por la cual no debía ser suspendido de la abogacía por incumplir con nuestra orden y para que acreditara el cumplimiento con los requisitos de educación jurídica continua adeudados. Asimismo, se le apercibió que, de suscitarse un nuevo incumplimiento, se suspendería del ejercicio de la profesión de la abogacía.

El 13 de marzo de 2015, el licenciado Soto Peña compareció mediante una *Moción*. En ésta, informó que tomó ciertos cursos de educación jurídica continua y anejó los certificados de participación correspondientes. Además, indicó que se encontraba realizando ciertas gestiones para tomar los créditos restantes. Asimismo, reveló que tuvo que cerrar su despacho legal y esto presentó retos adicionales a los que suponía la situación que previamente expuso. Por tanto, solicitó un término final de sesenta (60) días para cumplir con los requisitos. Nuevamente, el 18 de marzo de 2016, emitimos una *Resolución* mediante la

cual le concedimos un término final e improrrogable de diez (10) días al licenciado Soto Peña para acreditar su cumplimiento con los requisitos de educación jurídica continua y el pago de la multa por cumplimiento tardío.

Finalmente, el 15 de abril de 2016, compareció el licenciado Soto Peña, representado por la Procuradora del Abogado del Colegio de Abogados y Abogadas de Puerto Rico, Lcda. Carmen I. Navas, mediante *Moción en cumplimiento de orden*. En ésta, la licenciada Navas informó que el licenciado Soto Peña se encontraba realizando esfuerzos para tomar cursos de educación jurídica continua con tal de subsanar los créditos adeudados para los periodos de cumplimiento 2007-2009, 2009-2011, 2011-2013 y 2013-2015. A esos efectos, se anejaron los certificados de participación correspondientes a once (11) cursos y se certificó que se realizó el pago de todas las multas por cumplimiento tardío adeudadas. Por último, el licenciado Soto Peña pidió excusas por no haber cumplido los requisitos del PEJC.

En atención a ello, el 10 de mayo de 2016, emitimos una última *Resolución* mediante la cual le concedimos al licenciado Soto Peña un término de noventa (90) días para cumplir con todos los cursos que le faltaran por subsanar "para el periodo de cumplimiento en curso" y presentar una certificación de cumplimiento emitida por el Programa de Educación Jurídica Continua. Al día de hoy, el licenciado Soto Peña no cumplió con ese cometido.

*Lcdo. Segismundo López Montalvo (TS-12,898)*

El Lcdo. Segismundo López Montalvo fue admitido al ejercicio de la abogacía el 25 de enero de 2000.[15] El 9 de agosto de 2016, el Director del PEJC presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, informó que el licenciado López Montalvo incumplió con los requisitos reglamentarios de educación jurídica continua para el periodo del 1 de octubre de 2009 al 30 de septiembre de 2011.[16] Por consiguiente, el 10 de enero de 2012, el PEJC le envió un *Aviso de incumplimiento* en el que se le concedió un término de sesenta (60) días para subsanar el balance de créditos pendientes y realizar el pago de la multa por cumplimiento tardío, impuesta al amparo de la Regla 30 del *Reglamento del Programa*.[17]

Luego, el 27 de mayo de 2014, el PEJC le envió al licenciado López Montalvo una citación a vista informal a celebrarse el 25 de junio de 2014. Ello, pues, éste aún

---

[15] El 26 de febrero de 2008, mediante opinión *Per Curiam*, este Tribunal suspendió al licenciado López Montalvo del ejercicio de la profesión de la abogacía por el término de un (1) mes. Véase *In re: López Montalvo*, 173 DPR 193 (2008). Posteriormente, el 27 de mayo de 2008, emitimos una *Resolución* mediante la cual declaramos *ha lugar* una moción solicitando reinstalación que éste presentó.

[16] Se hizo constar en el *Informe sobre incumplimiento* que el licenciado López Montalvo incumplió, además, el periodo de cumplimiento subsiguiente, a saber, del 1 de octubre de 2011 al 30 de septiembre de 2013. Para este periodo, el PEJC le notificó el correspondiente *Aviso de incumplimiento*.

[17] Se desprende del *Informe sobre incumplimiento* que el licenciado López Montalvo, posteriormente, satisfizo el pago de la referida multa.

continuaba en incumplimiento con el periodo de cumplimiento 2009-2011. Éste compareció a la vista informal. En esencia, el licenciado López Montalvo arguyó que su incumplimiento se suscitó al tener que atender condiciones de salud, tanto de su padre como de su hija. De otra parte, éste demostró estar dispuesto y comprometido con subsanar la deficiencia de créditos que obraba en su expediente. En consecuencia, durante la vista informal, el licenciado López Montalvo suscribió una prórroga final de treinta (30) días en la que se comprometió a cumplir con los créditos pendientes.

Posteriormente, el 23 de abril de 2015, la entonces Directora del PEJC le notificó al licenciado López Montalvo la determinación respecto al proceso de vista informal.[18] A esos efectos, se le concedió a éste un término adicional de treinta (30) días para subsanar la deficiencia de créditos para el periodo de cumplimiento 2009-2011. Asimismo, se le apercibió que su incumplimiento conllevaría un referido ante la Junta, la cual determinaría si el asunto sería presentado ante este

---

[18] Surge del expediente que la referida documentación se notificó al correo electrónico que el licenciado López Montalvo tenía registrado en el RÚA. No obstante, el 25 de abril de 2015, la Sra. Génesis Castillo se comunicó con el PEJC para informar que la documentación en cuestión se envió al correo electrónico del bufete para el cual éste laboraba. A su vez, esclareció que el licenciado López Montalvo no trabajaba en ese despacho legal. Por último, el Director del PEJC hizo constar en el *Informe sobre incumplimiento* que el licenciado López Montalvo aún mantiene registrado el correo electrónico en el RÚA.

Tribunal. A pesar de ello, el licenciado López Montalvo desaprovechó esta oportunidad.

Examinado el *Informe sobre incumplimiento* presentado por el Director del PEJC, el 13 de septiembre de 2016, este Tribunal emitió una resolución en la que se le concedió al licenciado López Montalvo un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. El 6 de octubre de 2016, el licenciado López Montalvo compareció mediante una *Solicitud de término adicional* en la que solicitó una prórroga de treinta (30) días para cumplir con las órdenes del Tribunal. El 26 de octubre de 2016, emitimos una segunda *Resolución* mediante la cual se le concedió una prórroga de veinte (20) días. No obstante, al día de hoy, el licenciado López Montalvo no ha comparecido.

## II

Durante el año 1998, este Tribunal implantó en nuestra jurisdicción un programa de educación jurídica continua obligatorio. Véase *In re: Reglamento de educación jurídica continua*, 146 DPR 494 (1998). Ello, con el propósito de alentar y contribuir al mejoramiento profesional de los miembros de la profesión de la abogacía, conforme a los principios que se consagraron en

el Canon 2 de los *Cánones de ética profesional*.  Véase 4

LPRA Ap. IX, C. 2.

Posteriormente, mediante la aprobación del *Reglamento del Programa* se instauró el andamiaje administrativo que posibilitó la implementación y el manejo del cumplimiento de estos requisitos. *In re: Aprobación del Reglamento del Programa de Educación Jurídica Continua*, 164 DPR 555 (2005). En éste se detalló un proceso administrativo a realizarse en aquellas instancias donde un profesional del Derecho incumpliese con los requisitos de educación jurídica continua. En esencia, el incumplimiento se suscita cuando un profesional del Derecho no reúne veinticuatro (24) créditos de educación jurídica continua en el periodo de cumplimiento provisto para ello.[19]

Acaecido el incumplimiento, la Regla 29 del *Reglamento del Programa* detalla que el PEJC le enviará al profesional del Derecho un *Aviso de incumplimiento*.[20] Asimismo, en virtud de la Regla 30 se impone una multa por cumplimiento tardío. Cabe notar que, mediante el referido *Aviso* se le concede al profesional del Derecho un periodo de sesenta (60) días para subsanar su incumplimiento antes

---

[19] Inicialmente, el periodo de cumplimiento se comprendía de dos (2) años. No obstante, tras *In re: Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua*, 193 DPR 233 (2015), el periodo de cumplimiento actual es de tres (3) años.

[20] Inicialmente, el *Aviso de incumplimiento* se debía notificar dentro de los treinta (30) días siguientes al incumplimiento. Empero, luego de las enmiendas al *Reglamento del Programa*, el término se extendió a sesenta días (60). Véase *In re: Enmiendas al Reglamento*, 193 DPR en la pág. 246.

de continuar con el proceso administrativo. Es evidente
que, todo profesional del Derecho que se encuentre en
incumplimiento tiene un periodo adicional de varios meses
antes de que se tomen medidas adicionales en su contra.
Por supuesto, ello, además del generoso periodo de
cumplimiento que ostenta desde el inicio para subsanar los
créditos requeridos.

Ahora bien, de desaprovecharse las oportunidades
iniciales disponibles para subsanar el incumplimiento, la
Regla 31 del *Reglamento del programa* dispone que el
Director del PEJC citará al profesional del Derecho a una
vista informal. Como práctica general, según se desprende
de los hechos, una vez se notifica la vista el profesional
del Derecho tendrá un (1) mes para prepararse y comparecer
por escrito, personalmente o mediante representación
legal.

De comparecer el profesional del Derecho, un Oficial
Examinador estará encargado de auscultar los
planteamientos que éste presente y, luego, entregará al
Director del PEJC un informe con una recomendación. Tras
examinar el referido informe, el Director del PEJC emitirá
una determinación respecto al proceso de vista informal.
Comúnmente, mediante esta determinación se le concede una
oportunidad adicional al profesional del Derecho para que
subsane los créditos adeudados, antes de ser referido ante
la Junta. Así, queda de manifiesto que desde el comienzo
de la etapa del proceso de vista informal hasta que el

profesional del Derecho pueda ser referido ante la Junta, pueden transcurrir meses adicionales durante los cuales éste, evidentemente, puede subsanar su incumplimiento.

Finalmente, si el profesional del Derecho continúa en incumplimiento durante este extenso proceso, el Director del PEJC puede hacer una recomendación a la Junta para que éste sea referido ante este Tribunal. Una vez se acoja esta recomendación, la Junta ordena la preparación del correspondiente informe para nuestra consideración.

Es evidente que el referido proceso de manejo de incumplimiento conlleva una ardua labor por parte del personal del PEJC. Sus distintas etapas y componentes, conllevan una logística compleja y sincronizada que se realiza en estricto cumplimiento con los propósitos que subyacen los requisitos de educación jurídica continua, a saber, brindarle al profesional del Derecho oportunidades suficientes para dar fiel cumplimiento a la obligación consagrada en el Canon 2 de los *Cánones de ética judicial*.

Así, pues, los profesionales del Derecho que desafortunadamente tenemos que suspender de la práctica de la profesión, no sólo incumplieron con subsanar los créditos adeudados de educación jurídica continua sino que también desaprovecharon las múltiples oportunidades que se le brindaron durante el proceso de manejo de incumplimiento que, como vimos, puede durar años. Así, pues, en reiteradas ocasiones hemos determinado que "aquellos abogados que no cumplan con los requisitos del

PEJC serán suspendidos de forma inmediata del ejercicio de la abogacía y la notaría". *In re: Méndez Marrero*, 192 DPR 923, 925 (2015). Véase, además, *In re: Maressa Badía Muñoz*, 2017 TSPR 1, en la pág. 18, 197 DPR ___ (2017); *In re: Cardona Veguet*, 192 DPR 532 (2015); *In re: Moll Fariña*, 192 DPR 763 (2015).

Tal proceder es necesario, pues "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional". *In re: Francisco J. Cepero Rivera*, 2015 TSPR 119, en la pág. 5, 193 DPR ____ (2015). Véase, además, *In re: Javier Torres Sobá*, 2016 TSPR 170, en las págs. 9-10, 190 DPR ___ (2016).

Por otro lado, es esencial destacar que los profesionales del Derecho tienen el deber de atender con diligencia aquellos requerimientos que le exija este Tribunal y llevar a cabo, de forma oportuna, nuestras órdenes. Véase *In re: Torres Sobá*, 2016 TPSR en la pág. 10. Ello, pues, el Canon 9 de los *Cánones de ética profesional*, dispone que todo profesional del Derecho tiene el deber de observar, para con los tribunales, el mayor respeto. 4 LPRA Ap. IX, C. 9. Subrayamos que, dicha obligación cobra mayor relevancia cuando las órdenes o apercibimientos se producen durante procedimientos

disciplinarios. Véase *In re: Marrero García*, 187 DPR 578 (2012).

Ciertamente, el incumplimiento con este deber supone dificultades para el funcionamiento de este Tribunal y, por consiguiente, se vería afectada nuestra facultad inherente de regular la profesión legal. Véase *In re: Francisco J. Cepero Rivera*, 2015 TSPR 119, en la pág. 6; *In re: Irizarry Irizarry*, 190 DPR 368 (2014). Por ende, "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". *In re: Colón Cordovés*, 195 DPR 543, 547 (2016). Véase, además, *In re: Zahíra Y. Colón Collazo*, 2016 TSPR 184, en la pág. 5, 196 DPR ___ (2016); *In re: Carlos W. Pérez Menéndez*, 2015 TSPR 174, 194 DPR ___ (2015); *In re: Machado Echevarría*, 192 DPR 526 (2015).

Por último, la Regla 9(j) del *Reglamento del Tribunal Supremo*, establece -en lo pertinente- que "[t]odo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". 4 L.P.R.A. Ap. XXI-B, R. 9 (j). Recalcamos que el deber de actualización incluye la dirección de correo electrónico. Recordemos que desde la entrada en vigor de las Reglas de Procedimiento Civil de 2009, se incorporó el uso de la

tecnología como parte de los procesos civiles, incluyendo lo relativo al manejo de notificaciones. Véase 32 LPRA Ap. V., R 65.3 y 67.2. Al presente, la Rama Judicial se encamina a modernizar y facilitar la notificación electrónica de documentos judiciales, a través del módulo de Notificación Electrónica de los Tribunales (NET). Ello, con tal de promover economías administrativas y agilizar el trámite de casos. Consecuentemente, la actualización de esta información es cada día más pertinente y el incumplimiento con este deber también presenta un obstáculo a nuestra facultad disciplinaria y funcionamiento general. Véase *In re: Zahíra Y. Collazo*, 2016 TSPR 184, en la pág. 6; *In re: Arroyo Rosado*, 191 DPR 242 (2014). Por ende, la inobservancia con este deber es fundamento suficiente para separar, de forma inmediata del ejercicio de la abogacía. *In re: Arroyo Acosta*, 192 DPR 848, 852 (2015). Véase *In re: Gerardo A. Suarez Robles*, 2015 TSPR 170, 194 DPR ___ (2015); *In re: Luis M. Guzmán Ortiz*, 2015 TSPR 106, 193 DPR ___ (2015).

### III

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Pedro R. Fagot Bigas, el Lcdo. Demetrio Torre Rada, el Lcdo. Rafael Camps Morales y el Lcdo. Segismundo López Montalvo. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del

Lcdo. Máximo R. Ruidiaz Rodríguez, el Lcdo. Carlos M. Torres Rodríguez y el Lcdo. José A. Soto Peña. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de los licenciados Ruidiaz Rodríguez, Torres Rodríguez y Soto Peña, y entregarlos al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re | | |
| Máximo R. Ruidiaz Rodríguez | TS-3,103 | |
| Pedro R. Fagot Bigas | TS-4,026 | |
| Demetrio Torre Rada | TS-4,233 | |
| Carlos M. Torres Rodríguez | TS-5,410 | |
| Rafael Camps Morales | TS-5,833 | |
| José A. Soto Peña | TS-12,878 | |
| Segismundo López Montalvo | TS-12,898 | |

SENTENCIA

San Juan, Puerto Rico, a 27 de febrero de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Pedro R. Fagot Bigas, el Lcdo. Demetrio Torre Rada, el Lcdo. Rafael Camps Morales y el Lcdo. Segismundo López Montalvo. Asimismo, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Máximo R. Ruidiaz Rodríguez, el Lcdo. Carlos M. Torres Rodríguez y el Lcdo. José A. Soto Peña. En caso de que éstos se encuentren representando clientes ante nuestros tribunales en la actualidad, se les impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberán acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de los licenciados Ruidiaz Rodríguez, Torres Rodríguez y Soto Peña, y entregarlos al Director de la ODIN para la correspondiente investigación e informe.

TS-3,103; TS-4,026; TS-4,233; TS-5,410; TS-5,833;
TS-12,878; TS-12,898                                            2

     Notifíquese personalmente esta Opinión *Per Curiam* y
Sentencia.

     Lo acordó el Tribunal y certifica el Secretario del
Tribunal Supremo.


                         Juan Ernesto Dávila Rivera
                         Secretario del Tribunal Supremo